**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

**Case No. 1:26-cv-27906**

ASHLEY DELVALLE, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

COCOLILLYS LLC,

Defendant.
_____________________________________/

# DEFENDANT COCOLILLYS LLC'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant COCOLILLYS LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, with full reservation of all available and applicable defenses, hereby removes this action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to this United States District Court for the Southern District of Florida, because this Court has original jurisdiction over Plaintiff Ashley Delvalle's ("Plaintiff") only cause of action against Defendant, which arises under a federal statute—the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). In support of such removal, Defendant respectfully states as follows:

## Background

1. On September 29, 2026, Plaintiff filed a putative Class-Action Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Circuit Court"), styled as *Ashley Delvalle, individually and on behalf of all others similarly situated v. COCOLILLYS LLC*, Case No. 2026-019800-CA-01 (the "State Court Action").

2. As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant in the State Court Action are attached hereto as **Exhibit 1**.

3. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), as this Notice is filed within thirty (30) days of the filling and purported service of the Class-Action Complaint on Defendant.

4. In the State Court Action, Plaintiff alleges a single cause of action against Defendant, alleging that Defendant violated of the TCPA under 47 U.S.C. § 227 and 47 C. F. R. § 64.12 because Defendant allegedly "engages in unsolicited text messaging and continues to text message consumers after they have opted out of the Defendant's solicitations." *See* Ex. 1, Plaintiff's State Court Action Complaint at ¶¶ 7, 62.

5. With respect to Plaintiff's TCPA claim (i.e., the only cause of action in the State Court Action), Plaintiff seeks "[s]tatutory damages for the Plaintiff and each member of Class as applicable under the TCPA," "[a] declaration that the Defendants' actions, as set out above, violate the TCPA," and "[a]n injunction requiring the Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to its personnel engaging in telemarketing; and (3) maintaining a Do-Not-Call list [.]" *See id.* at p. 16.

**Grounds For Removal**

6. This case is being removed pursuant to 28 U.S.C. § 1441 *et seq.*, because the State Court Action could have originally been brought in this U.S. District Court pursuant to 28 U.S.C. § 1331, as Plaintiff's State Court Action asserts a single cause of action arising exclusively under a federal law—the TCPA. This District Court retains original jurisdiction over such matters, as it has original jurisdiction over all civil actions arising under the Constitution and federal law, including the TCPA.

7. Here, Plaintiff concedes at the outset that "Plaintiff is a natural person entitled to bring suit under the TCPA[.]" *See id.* at ¶ 9. Plaintiff's State Court Action, which consists of only one count, exclusively arises under TCPA, which is a federal law, and the State Court Action does not include any claims arising out of any alleged violations of Florida law or the law of any other state. *See id.* at ¶¶ 49-64.

8. As such, this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 13331, and this case falls within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441(a).

9. As Defendant is presently the only defendant named in this action, all defendants consent to this removal.

10. Under 28 U.S.C. § 90(a)(3), the United States District Court for the Southern District of Florida, Miami-Dade Division, is the federal court having jurisdiction over the geographical area where the State Court Action is pending. Thus, Defendant is entitled to remove this action from the Circuit Court to this Court pursuant to 28 U.S.C. § 1446(a).

11. Based upon reasonable inquiry and to the best of the undersigned attorney's knowledge, information, and belief, this Notice of Removal is well-grounded in fact and is warranted by existing law or an extension or modification of existing law, and is not interposed for any improper purpose(s), such as to harass Plaintiff, cause unnecessary delay, or needless increase in the cost of this litigation.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing the foregoing Notice of Removal, Defendant shall promptly give written notice to Plaintiff and shall file a Notice of Filing Defendant's Removal Notice of Removal with the Circuit Court in the State Court Action.

WHEREFORE, based on the foregoing, Defendant respectfully requests that the State Court Action be immediately removed to this Court from the Circuit Court of Miami-Dade County, Florida, and that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted by,

**GORDON REES SCULLY MANSUKHANI**
2000 Glades Rd, Ste. 310
Boca Raton, FL 33431
Tel: 561-206-3843
Facsimile: 877-634-7245

*/s/ Jordan D. Utanski*
Lance W. Shinder
Florida Bar No. 851711
lshinder@grsm.com
Kyle A. Johnson
Florida Bar No.113324
kajohnson@grsm.com
Jordan D. Utanski
Fla. Bar No. 119432
jutanski@grsm.com
Brandon E. Shinder
Fla. Bar No. 1064541
bshinder@grsm.com

*Counsel for Defendant COCOLILLYS LLC*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that Defendant, promptly after filing the foregoing Notice of Removal, shall give written notice to Plaintiff and shall file a Notice of Filing, attaching a copy of the foregoing Notice of Removal, with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as of this 6th day of November, 2026.

*/s/ Jordan D. Utanski*
Jordan D, Utanski
Florida Bar No. 119432
jutanski@grsm.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 6, 2026, a copy of the foregoing document was served upon all parties and counsel of record via CM/ECF filing system via email.

*/s/ Jordan D. Utanski*
Jordan D, Utanski
Florida Bar No. 119432
jutanski@grsm.com